JS - 6

LINKS: 5, 14

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-03843 GAF (JCGx) | Date | June 27, 2012 |
|---|---|---|---|
| Title | Philip W Fischer v. GMAC Mortgage LLC et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**        (In Chambers)

## ORDER REMANDING CASE

### I.
### INTRODUCTION

On March 27, 2012, Plaintiff Philip W. Fischer filed a civil complaint against Defendants GMAC Mortgage, LLC, Executive Trustee Services, LLC, Foremost Insurance Company, and National Union Fire Insurance Company in Los Angeles County Superior Court.  (Docket No. 1, Notice of Removal [Not.], Ex. A [Compl.].)  The complaint alleges that Defendants acted in a common plan and scheme to obtain title and possession of Plaintiff's home by wrongful threats of foreclosure, and additionally to charge Plaintiff insurance premiums for non-existent policies. (Id. ¶¶ 2-3.)

Defendants GMAC Mortgage, LLC, and Executive Trustee Services, LLC, removed the action to this Court on May 3, 2012, invoking federal question jurisdiction pursuant to 28 U.S.C. § 1331.  (Not. ¶¶ 1-6.)  On May 8, 2012, Defendants filed a partial motion to dismiss Plaintiff's complaint.  (Docket No. 5.)    Plaintiff subsequently filed a motion to remand the case back to state court on May 29, 2012.  (Docket No. 14.)  Because the Court concludes that the state law claims contained in the complaint do not raise substantial federal questions, the motion to remand is **GRANTED** and the action is **REMANDED** to Los Angeles County Superior Court. Accordingly, Defendants' motion to dismiss is **DENIED as moot**.

JS - 6

LINKS: 5, 14

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-03843 GAF (JCGx) | Date | June 27, 2012 |
|---|---|---|---|
| Title | Philip W Fischer v. GMAC Mortgage LLC et al | | |

## II.
## BACKGROUND

Plaintiff is a United States Naval Reservist who obtained a mortgage from Defendant GMAC Mortgage on December 21, 2005. (Compl. ¶¶ 22-23.) While Plaintiff was gainfully employed for several years following the mortgage execution, from June 2009 to June 2011 Plaintiff was unemployed and served as a Naval Reservist and consequently struggled to make his monthly mortgage payments. (Id. ¶ 23.) Plaintiff's complaint alleges extensive violations of California state laws surrounding Defendants' actions leading up to and during the foreclosure proceedings. (Id. ¶¶ 61-71.) Additionally, Plaintiff contends that Defendants violated state law by wrongfully charging him a premium on an insurance policy that he had canceled and additionally charging Plaintiff $24.90 per month for fire insurance coverage that Plaintiff had never applied for or received. (Id. ¶¶ 44-52.)

Plaintiff also includes general allegations concerning violations of federal law to provide background and support for his state law claims. Plaintiff alleges that in June 2011 he applied for a home loan modification with Defendants and was led to believe that he would receive a Home Affordable Modification Program ("HAMP") trial modification and permanent modification. (Id. ¶ 24.) Following his application, Plaintiff did not hear from Defendants until July 15, 2011, when he was informed that Defendants had denied Plaintiff a HAMP loan modification. (Id. ¶ 26.) Defendants did not respond to Plaintiff's re-evaluation request dated August 2, 2011, but rather set a tentative foreclosure date on the property for March 26, 2012. (Id. ¶¶ 27-28.) Plaintiff generally asserts that the denial of his HAMP modification was wrongful and that Defendants violated HAMP regulations by not assigning a "single point of contact" for Plaintiff's file. (Id. ¶ 31.)

Plaintiff further alleges that Defendants made representations in several letters that Plaintiff would be protected from foreclosure under the Servicemembers Civil Relief Act (SCRA) during his active duty plus a period of nine months thereafter. (Id.) Defendants denied Plaintiff protection under SCRA based on the conclusion that Plaintiff did not qualify as an "active duty" reservist. (Id. ¶¶ 32-33.) Plaintiff avers that Defendants' interpretation of the statute was flawed and consequently that Defendants violated the SCRA by enforcing a lien on Plaintiff's property. (Id. ¶¶ 37-38.)

On the basis of these allegations, Plaintiff brings California statutory and common law claims for [1] negligence; [2] breach of written contract; [3] fraud and deceit; [4] co-conspiracy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-03843 GAF (JCGx) | Date | June 27, 2012 |
|---|---|---|---|
| Title | Philip W Fischer v. GMAC Mortgage LLC et al | | |

to defraud; [5] promissory estoppel; [6] breach of oral promise; [7] breach of the covenant of good faith and fair dealing; [8] negligence per se; [9] set aside/enjoin wrongful non-judicial foreclosure sale; [10] violations of the Rosenthal Act; [11] pre-foreclosure declaratory relief; [12] slander of title; [13] verified quiet title; [14] intentional infliction of emotional distress; [15] unfair and deceptive business practices; [15] violation of the Consumer Legal Remedies Act. (Id. ¶¶ 72-242.)

### III. DISCUSSION

**A. LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not.").

The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quotations and citations omitted).

Under 28 U.S.C. § 1441, a defendant may remove to federal court any state court action arising under the Constitution, treaties, or laws of the United States. 28 U.S.C. § 1441(b); see also 28 U.S.C. § 1331. "Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.'" Vaden v. Discover Bank, 129 S. Ct. 1262, 1272 (2009) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)) (alteration omitted). Thus, "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court." Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14 (1983)). Rather, a case may "arise under" federal law only where the "well-pleaded complaint establishes either [1]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-03843 GAF (JCGx) | Date | June 27, 2012 |
|---|---|---|---|
| Title | Philip W Fischer v. GMAC Mortgage LLC et al | | |

that federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 28–29.

Nevertheless, "a plaintiff may not defeat removal by omitting to plead necessary federal questions." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (citation omitted). "If a court concludes that a plaintiff has "artfully pleaded" claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint." Id.

**B. APPLICATION**

In their notice of removal, Defendants contend that the Court has original jurisdiction under 28 U.S.C. § 1331 and removal jurisdiction under 28 U.S.C. § 1441(b) because Plaintiff's complaint raises a federal question under the Servicemember's Civil Relief Act, 50 U.S.C. App. §§ 501-596, et seq., and the Home Affordable Modification Program, codified in 12 U.S.C. §§ 5201, et seq. (Not. ¶¶ 5-6.) It is undisputed, however, that Plaintiff's complaint does not explicitly plead a federal cause of action. Nor is there any basis for finding that Plaintiff engaged in artful pleading to defeat removal of a legitimate federal claim by attempting to disguise its claim as one arising under state law. Thus, in order for there to be federal question jurisdiction in this case, Plaintiff's claims for relief must depend on the resolution of a substantial question of federal law. On the basis of the pleadings, the Court is not convinced that the relief sought by Plaintiff involves a substantial federal question.

Plaintiff's most substantial discussion of the SCRA and HAMP occurs in the "Nature of the Action" section of Plaintiff's complaint, which essentially provides a general factual background of Defendants' purported actions that were violative of each law. Such general references to violations of the SCRA and HAMP reappear in several of Plaintiff's state claims alongside Plaintiff's allegations regarding Defendants' violations of California law. However, Plaintiff does not claim that he is seeking relief specifically provided for under either the SCRA or HAMP. Rather, Plaintiff explicitly states that he seeks damages for violations of California law and in each cause of action seeks remedies provided for under state law. (Compl. ¶ 4.)

In their opposition, Defendants maintain that the present case involves a substantial question of federal law under both the SCRA and HAMP violations. (Docket No. 16, [Opp.] at 4.) With regard to the SCRA, Defendants contend that Plaintiff makes extensive allegations concerning the SCRA and that Plaintiff's relief necessarily requires an examination and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-03843 GAF (JCGx) | Date | June 27, 2012 |
|---|---|---|---|
| Title | Philip W Fischer v. GMAC Mortgage LLC et al | | |

interpretation of federal law. (<u>Id.</u> at 3.) The Court disagrees. Plaintiff's allegations regarding the SCRA essentially deal with Defendants' purported misrepresentations concerning Plaintiff's rights and protection under the Act. Additionally, Plaintiff does not explicitly seek any SCRA statutory remedy. Finally, Defendants correctly note that Plaintiff does partially premise his claim to set aside the wrongful foreclosure sale on violations of SCRA, but their contention that the SCRA is the "preliminary element" in the ninth claim assumes too much. Plaintiff dedicates substantial space to his allegations concerning Defendants' violations of California law. Moreover, while the remedy sought by Plaintiff may be provided for under the SCRA, it is also appropriate under California law. Thus, Plaintiff's relief under the ninth cause of action does not necessarily require the resolution of a substantial federal question.

Defendants' HAMP arguments are similarly unconvincing. Defendants generally claim that a substantial federal question is involved in this case because of Plaintiff's allegations regarding Defendants' violations of HAMP. Defendants suggest that, because several of Plaintiff's state law claims involve HAMP violations, the Court must determine whether Plaintiff is a third-party beneficiary before it can consider Plaintiffs' remedies. (Opp. at 4-5.) However, many courts in this District have rejected the contention that a substantial question of federal law is presented because a plaintiff's state law claim incorporates allegations of HAMP violations. <u>Garnett v. Aurora Loan Serv., LLC</u>, 2012 WL 1440920, at *2 (C.D. Cal. Apr. 25, 2012) ("[N]o federal question is presented simply because some of Plaintiffs' state law claims may incorporate or turn upon allegations of HAMP violations."); <u>see</u> <u>Sanay v. Wells Fargo Bank</u>, 2012 U.S. Dist. LEXIS 8537, *3 (E.D. Cal. Jan. 24, 2012); <u>Carlos v. Bank of Am. Home Loans, et al.</u>, 2011 WL 166343, at *1 (C.D. Cal. Jan. 13, 2011); <u>Preciado v. Ocwen Loan Servicing</u>, 2011 WL 977819, at *1 (C.D. Cal. Mar. 18, 2011). Additionally, Plaintiff explicitly notes in his complaint that he is not alleging a private cause of action under HAMP, but rather is using the HAMP violations to support his state claims for relief. As Plaintiff's claims involving HAMP allegations additionally assert state law violations and seek appropriate remedies under state law, Plaintiff's relief does not require the resolution of a substantial federal question.

The Court concludes that Plaintiff's right to relief under his state law claims does not necessarily depend on the resolution of a substantial question of federal law regarding the SCRA or HAMP. Accordingly, Plaintiff's motion to remand is **GRANTED**.

**C. REQUEST FOR ATTORNEYS' FEES**

Plaintiff also requests an award of attorneys' fees. Pursuant to 28 U.S.C. § 1447(c), a

JS - 6

LINKS: 5, 14

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-03843 GAF (JCGx) | Date | June 27, 2012 |
|---|---|---|---|
| Title | Philip W Fischer v. GMAC Mortgage LLC et al | | |

district court has the discretion to award attorneys' fees and costs upon remand if the defendant lacked an "objectively reasonable" basis for removal. See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005); Patel v. Del Taco, Inc., 446 F.3d 996, 999 (9th Cir. 2006) (upholding fee award under § 1446(c) where the removal was "frivolous"). Although the Court concludes that Defendants' removal lacked merit, the above discussion should demonstrate that the petition and arguments made in support thereof were carried forward in good faith. Accordingly, the Court **DENIES** Plaintiff's request for attorneys' fees.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **GRANTED** and the action is **REMANDED** to Los Angeles County Superior Court. Defendants' motion to dismiss is **DENIED as moot.** The hearing on these motions presently scheduled for July 2, 2012, is **VACATED**.

**IT IS SO ORDERED.**